# HOPKINS & SCHAFKOPF, LLC
### ATTORNEYS AT LAW

November 7, 2017

U.S. District Court, ED of PA
Office of the Clerk of Court
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106

**Re: Lauretta King v. Wal-Mart Store Inc et al**

To Whom It May Concern:

Enclosed please find one (1) original and one (1) copy of Plaintiff's Civil Action Complaint, along with a CD containing a pdf version of same and a check in the amount of $400.00, in regards to the above captioned matter.

Kindly file the original Complaint and return a time-stamped copy to the undersigned along with the Civil Action Summonses.

Sincerely,

Gary Schafkopf, Esq.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Lauretta King | Wal-Mart Stores Inc, Wal-Mart Stores East, LP, Walmart E-Commerce Distribution Center, Heather Hetrick, Stepahnie Leith, Michael Gormont, Steve Baggett, Jack Schippers, David Tamosky et al |
| **(b)** County of Residence of First Listed Plaintiff    Lehigh County PA<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant    Benton County Arkansas<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF<br>THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Schafkopf Law LLC 11 Bala Ave, Bala Cynwyd PA 19004 610-664-5200<br>Weisberg Law, 7 S. Morton Ave, Morton PA 19070 610-690-0801 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 2  U.S. Government Defendant
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>❏ 153 Recovery of Overpayment of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product Liability<br>❏ 320 Assault, Libel & Slander<br>❏ 330 Federal Employers' Liability<br>❏ 340 Marine<br>❏ 345 Marine Product Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle Product Liability<br>❏ 360 Other Personal Injury<br>❏ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>❏ 365 Personal Injury - Product Liability<br>❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>❏ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal Property Damage<br>❏ 385 Property Damage Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881<br>❏ 690 Other | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 835 Patent - Abbreviated New Drug Application<br>❏ 840 Trademark | ❏ 375 False Claims Act<br>❏ 376 Qui Tam (31 USC 3729(a))<br>❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 490 Cable/Sat TV<br>❏ 850 Securities/Commodities/ Exchange<br>❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts<br>❏ 893 Environmental Matters<br>❏ 895 Freedom of Information Act<br>❏ 896 Arbitration<br>❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>❏ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** <br>❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | **CIVIL RIGHTS**<br>☒ 440 Other Civil Rights<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/ Accommodations<br>❏ 445 Amer. w/Disabilities - Employment<br>❏ 446 Amer. w/Disabilities - Other<br>❏ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>❏ 463 Alien Detainee<br>❏ 510 Motions to Vacate Sentence<br>❏ 530 General<br>❏ 535 Death Penalty<br>**Other:**<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition<br>❏ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>❏ 710 Fair Labor Standards Act<br>❏ 720 Labor/Management Relations<br>❏ 740 Railway Labor Act<br>❏ 751 Family and Medical Leave Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>❏ 870 Taxes (U.S. Plaintiff or Defendant)<br>❏ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VIII  Civil Rights Act, 29 USC Section 621

Brief description of cause:
Plaintiff has been discriminated against by her employer and retaliated against for reporting the discrimination

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 11/07/2017 | *Gary Schaffer* |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __Lehigh Pkwy East, Apt 8E, Allentown PA 18103__

Address of Defendant: __702 SW 8th St Bentonville, AR 72716__

Place of Accident, Incident or Transaction: __2785 Commerce Center Blvd, Behtlehem PA 18105__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒
*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

# ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                        Attorney-at-Law                 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __11-07-2017__   _____   __83362__
                        Attorney-at-Law                 Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Lauretta King | : | CIVIL ACTION |
| | : | |
| v. | : | |
| Wal-Mart Stores, Inc., et al | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| | | |
|---|---|---|
| 11-07-2017 | Gary Schafkopf, Esq | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-664-5200 | 888-283-1334 | gary@schaflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

WEISBERG LAW
Matthew B. Weisberg, Attorney ID No. 85570
7 South Morton Ave.
Morton, PA
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiff**

SCHAFKOPF LAW, LLC
Gary Schafkopf, Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334
**Attorney for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAURETTA R. KING** | : |
| Lehigh Pkwy East | : |
| Apt 8E | : **No.** |
| Allentown, PA 18103 | : |
|          **Plaintiff** | : **JURY TRIAL OF TWELVE (12)** |
|          **v.** | : **DEMANDED** |
| | : |
| **WAL-MART STORES, INC** | : |
| 702 SW 8th St. | : |
| Bentonville, AR 72716 | : |
| | : |
| and | : |
| | : : |
| **WAL-MART STORES EAST, LP** | : |
| 601 N. Walton Blvd | : |
| Bentonville, AR 72712 | : |
| | : |
| and | : |
| | : |
| **WALMART E-COMMERCE** | : |
| **DISTRIBUTION CENTER** | : |
| 2785 Commerce Center Blvd | : |
| Bethlehem, PA 18105 | : |
| | : |
| | : |
| **HEATHER HETRICK** | : |
| 2785 Commerce Center Blvd | : |
| Bethlehem, PA 18105 | : |
| | : |
| and | : |
| | : |
| | : |

**STEPHANIE LEITH**                                    :
2785 Commerce Center Blvd                              :
Bethlehem, PA 18105                                    :
                                                       :
and                                                    :
                                                       :
**MICHAEL GORMONT**                                    :
2785 Commerce Center Blvd                              :
Bethlehem, PA 18105                                    :
                                                       :
and                                                    :
                                                       :
**STEVE BAGGETT**                                      :
2785 Commerce Center Blvd                              :
Bethlehem, PA 18105                                    :
                                                       :
and                                                    :
                                                       :
**JACK SCHIPPERS**                                     :
2785 Commerce Center Blvd                              :
Bethlehem, PA 18105                                    :
                                                       :
and                                                    :
                                                       :
**DAVID TAMOSKY**                                      :
2785 Commerce Center Blvd                              :
Bethlehem, PA 18105                                    :
                                                       :
and                                                    :
                                                       :
**JOHN DOES**                                          :
                          **Defendants.**              :

## CIVIL ACTION

## PARTIES

1. Plaintiff, Lauretta R King, is an individual residing at the above captioned address. Plaintiff is a citizen of Pennsylvania.

2. Defendant, Wal-Mart Stores Inc, is incorporated in the state of Arkansas doing business at the above captioned address.

3. Defendant, Wal-Mart Stores East, LP ("Walmart") is a subsidiary of Defendant Wal-Mart Stores, Inc, an Arkansas corporation doing business at the above captioned address, has continuously done business in the Commonwealth of Pennsylvania and has operated the Wal-Mart E-Commerce Distribution Center at 2785 Commerce Center Blvd Bethlehem, PA 18105.

4. Defendant, Heather Hetrick is an individual working as Human Resources Manager at the Defendant Wal-Mart E-Commerce Distribution Center. Upon information and belief, Defendant is s citizen of Pennsylvania.

5. Defendant Stephanie Leith, is an individual working as a Human Resources Office Manager at the Defendant Wal-Mart E-Commerce Distribution Center. Upon information and belief, Defendant is a citizen of Pennsylvania.

6. Defendant, Michael Gormont, is an individual working as an Assistant General Manager at the Defendant Wal-Mart E-Commerce Distribution Center. Upon information and belief, Defendant is a citizen of Pennsylvania.

7. Defendant, Steve Baggett, is an individual working as a Human Resources Office Manager at the Defendant Wal-Mart E-Commerce Distribution Center. Upon information and belief, Defendant is a citizen of Pennsylvania.

8. Defendant, Jack Schippers, is an individual working as a Human Resources Office Manager at the Defendant Wal-Mart E-Commerce Distribution Center. Upon information and belief, Defendant is a citizen of Pennsylvania.

9. Defendant, David Tamosky, is an individual working as a General Manager at the Defendant Wal-Mart E-Commerce Distribution Center. Upon information and belief, Defendant is a citizen of Pennsylvania

10. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.

## JURISDICTION AND VENUE

11. Venue is proper in the in The United States District Court for The Eastern District of Pennsylvania because this is where the transactions and occurrences that give rise to the cause of action have taken place.

12. Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. § 1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. § 1367.

13. All conditions precedent- including the EEOC Right to Sue Letter- have been satisfied. EXHIBIT A

## OPERATIVE FACTS

14. In February of 2016, Plaintiff relocated from the Walmart Supercenter, located at 8900 Old Seward Highway, Anchorage, Alaska 99515, to accept a position as a human resource ("HR") manager at Defendant Walmart E-Commerce Distribution Center located on 2785 Commerce Center Boulevard in Bethlehem, Pennsylvania.

15. Plaintiff was the sole African-American woman working as an HR manager in the department at that location, the rest of her coworkers, including Defendant Heather Hetrick. Defendant Stephanie Leith, Defendant Michael Gormont, and Defendant Steve Baggett, were Caucasian.

16. In or around February 2016, Defendant Heather Hetrick informed Plaintiff that she would give Plaintiff one year to learn every aspect of her human resources manager position.

17. Approximately three weeks into her employment, Plaintiff began facing racism through ridicule from her colleague Defendant Stephanie Leith. Defendant Stephanie Leith would make overt and unwelcome gestures while standing behind Plaintiff to make other managers laugh. The initial incident was even witnessed by Defendant Heather Hetrick, the HR supervisor, who did nothing to rectify the situation.

18. Defendant Stephanie Leith, along with HR manager Jack Schippers, would single Plaintiff out and would enjoy antagonizing Plaintiff together. Defendant Stephanie Leith would often call Plaintiff into her office without reason, where HR manager Schippers and other managers would await and burst into laughter once Plaintiff arrived.

19. Defendant Stephanie Leith's aforesaid ridicule of Plaintiff lasted for several months, after Plaintiff began her employment at Defendant Walmart E-Commerce Distribution Center.

20. On April 23, 2016, Plaintiff attended a meeting with other HR managers and coworkers, during the meeting Defendant Stephanie Leith continued isolate Plaintiff, the only African American employee by ridiculing Plaintiff, behind her back, as aforesaid, at which point Plaintiff confronted Defendant Stephanie Leith about her behavior.

21. That night, Plaintiff composed a complaint letter regarding Defendant Stephanie Leith's on-going inappropriate behavior. The following day, Plaintiff forwarded the

letter detailing the aforesaid ridicule she faced at the hands of her colleague Defendant Stephanie Leith, to the General Manager ("GM") David Tamosky, the Assistant General Manager ("AGM") Defendant Michael Gormont, and the HR supervisor Defendant Heather Hetrick. **EXHIBIT B**

22. Defendant Heather Hetrick was responsible for investigating Plaintiff's complaint.

23. Plaintiff believes and avers that Defendant Heather Hetrick and Defendant Stephanie Leith were good friends, and often would stay onsite after hours conversing.

24. Plaintiff believes and avers that Defendant Heather Hetrick allowed Defendant Stephanie Leith to continue her racist manner by antagonizing Plaintiff and not reprimanding her due to their close friendship.

25. At the end of the week of April 23, 2016, after their investigation was completed, Defendant Heather Hetrick and Defendant AGM Gormont called Plaintiff into a meeting to notify her that there was no validity to her claims of being the object of ridicule as aforementioned by Defendant Stephanie Leith in the workplace.

26. At no time did Plaintiff observe Defendant Heather Hetrick take any steps to investigate the complaint prior to informing her that Plaintiff's complaints were invalid and were thus rejected.

27. After the denial of Plaintiff's complaints, Defendant Heather Hetrick attempted to make Plaintiff's job harder to perform, as hereinbelow set forth.

28. Towards the end of May 2016, Defendant Heather Hetrick arranged for Plaintiff to undergo training from another manager, Autumn Irwin, at which point she was given overwhelming amounts of information to learn which Plaintiff was unreasonably expected to retain.

29. During the week of June 13, 2016, Plaintiff was sent to the Walmart home office in Arkansas for further training. On the first day of this week-long conference Plaintiff suffered an injury to her neck due to being seated in an awkward position while working.

30. Plaintiff continued to work after that initial neck injury.

31. In or around the month of July, Plaintiff, in the course of her normal work duties, was faced with a situation involving dealing with an employee who was injured while working, but Plaintiff could not fully complete the task because Plaintiff lacked the specific training to do so.

32. The employee needed to be given a drug test and a certain course of action was required from Plaintiff as an HR manager. As Plaintiff had not received the requisite training to complete this task, she had difficulty and needed to be assisted by another HR manager.

33. When Defendant Heather Hetrick learned how Plaintiff handled the incident with the said injured employee, she wrongly accused Plaintiff of distributing improper paperwork to the other HR manager aforementioned. Plaintiff was required to distribute paperwork for an associate drug test after the employee injury but was wrongly accused, by Defendant Heather Hetrick, of distributing paperwork for an employee applicant drug test.

34. On July 7, 2016, Defendant Heather Hetrick spoke to Plaintiff about her handling of the injured employee incident. Plaintiff informed Defendant Heather Hetrick that she did not receive the requisite training to complete the task. Plaintiff was then told by Defendant Heather Hetrick that she did receive the training and Plaintiff was then written up for poor performance.

35. Plaintiff believes and avers that the write-up by Defendant Heather Hetrick was premature as Plaintiff was given a full year to learn the details of the HR manager's position and had not yet received all the requisite training pertaining to the issue Plaintiff was written-up for. Defendant Heather Hetrick's advice to Plaintiff was to simply read the policies and "jump in and learn."

36. On July 8, 2016, during a general meeting, Plaintiff spoke with Defendant Michael Gormont and the Asset Protection Manager (AP) Defendant Steve Baggett, who was responsible for conducting training exercises, both of whom concurred that Plaintiff had not received the requisite training for dealing with employees injured while working.

37. About 7:30 p.m. the same day, Plaintiff received a call from Defendant Heather Hetrick, who stated that she knew about her earlier conversation with Defendant Steve Baggett regarding the training, and even though Defendant Heather Hetrick was now aware that Plaintiff had admittedly not received the requisite training, Defendant Heather Hetrick still asked Plaintiff, "well, are you okay with the write-up?"

38. On July 22, 2016, Plaintiff met with Defendant Steve Baggett and Defendant Heather Hetrick where Plaintiff was again wrongly accused of being on surveillance cameras distributing improper paperwork to manager Jack Schippers regarding the employee injury incident in or around early July.

39. Plaintiff believes and avers that Defendant Heather Hetrick coerced and conspired with the other managers to falsely hold Plaintiff accountable for providing improper paperwork to other managers pertaining to the employee injury incident.

40. Plaintiff believes and avers that Defendant Heather Hetrick attempted to wrongfully accuse Plaintiff, and contradicted herself in her July 20, 2016, report concerning Plaintiff's handling of the aforementioned injured employee incident as hereinbelow set forth.

41. In her July 20, 2016, report, Defendant Heather Hetrick stated that another HR manager found the paperwork in the "Workman's Comp" drawer and provided it to manager Defendant Jack Schippers, Defendant Heather Hetrick then states, that the entire incident was caught on surveillance cameras and Defendant Steve Baggett observed that it was Plaintiff who provided the improper paperwork to manager Jack Schippers.

42. Plaintiff was never shown the surveillance footage of herself providing the manager Schippers with the improper paperwork, despite asking to see it.

43. Defendant Heather Hetrick asked Plaintiff to provide her with a statement pertaining to the injured employee incident after Plaintiff denied being responsible for the improper paperwork.

44. Following Plaintiff's return to the Bethlehem Walmart after training, Plaintiff believes that Defendant Stephanie Leith would purposely change certain protocols to confuse her and negatively affect her job performance as set forth hereinbelow.

45. Plaintiff was required, at the end of her shift, to routinely write "daily recaps" for all HR supervisors to review and that said recaps rarely ever received a response. On July 31, 2016, Defendant Stephanie Leith had responded to Plaintiff's recap in bold red type which she had never done before, nor to any other Caucasian HR manager.

46. In an email, Plaintiff asked Defendant Stephanie Leith why her recap was the only one picked out for a response, and told her that the manner in which Defendant Stephanie Leith wrote her response made her feel singled out.

47. On August 5, 2016, after reading Plaintiff's reply to Defendant Stephanie Leith, Defendant Heather Hetrick came to Plaintiff's office to confront her about the manner in which she responded to Defendant Stephanie Leith.

48. During that confrontation Defendant Heather Hetrick stated that she thought Plaintiff and Defendant Stephanie Leith had resolved their issues after Plaintiff's complaint was found invalid. Plaintiff told Defendant Heather Hetrick that her issues with Defendant Stephanie Leith were not resolved, because Plaintiff's complaint were not thoroughly investigated, and because Defendant Heather Hetrick had done nothing to correct Defendant Stephanie Leith's antagonizing behavior toward Plaintiff.

49. On August 6, 2016, Defendant Heather Hetrick returned to Plaintiff and requested that she meet with her and Defendant AGM Gormont in his office at approximately 11:00 a.m. whereby Defendant Heather Hetrick presented Plaintiff with what was known as a "step 3 writeup" for lack of integrity and informed Plaintiff that she was to sign it.

50. Plaintiff believes and avers that the sudden escalation in "write-ups" is inconsistent with other "write-ups" Defendant Heather Hetrick had previously given to other Caucasian managers.

51. Manager Chelsea Clauser is female, Caucasian, and 25 years old and has received both verbal and written "step one write-ups", including one for integrity, but had never received a "step three" written warning.

52. Manager Andrew Hair is male, Caucasian, and 33 years old and had also received several verbal and written "step one write-ups" from Defendant Heather Hetrick, but had never received a "step three" written warning.

53. Defendant Heather Hetrick informed Plaintiff that the reason for the "step three" warning was because Plaintiff was on video distributing the "improper paperwork" to another manager, and lying about distributing said "paperwork", which Plaintiff denied and continues to deny..

54. Plaintiff, in her statement to Defendant Heather Hetrick regarding the employee injury, states that she is not aware how manager Jack Schippers obtained the improper paperwork but she certainly did not give Manager Schippers the improper paperwork.

55. Since Plaintiff's return from her training in Arkansas, she continued to experience episodes of sharp neck pain and left arm numbness.

56. On August 10, 2016, Plaintiff's neck injury became aggravated and Plaintiff took a medical leave from Defendant Walmart E-Commerce Distribution Center's employment.

57. The very same day, Plaintiff sent a letter to Walmart's corporate offices, specifically to Marketing Manager Ockerman regarding her write-up.

58. The next day, Plaintiff sent a letter to the home office requesting a reassignment and repeatedly tried to obtain a reassignment.

59. On October 24, 2016, Plaintiff sent an email to Defendant Heather Hetrick requesting a reassignment. In response, Defendant Heather Hetrick attempted to give Plaintiff a job with a significantly lower salary at $10 per hour and lesser duties which Plaintiff refused to accept.

60. However, Plaintiff's colleague Chelsea Clauser, a Caucasian employee of Defendant Walmart E-Commerce Distribution Center, was transferred from an operations manager to an HR manager upon her request for same with no loss of salary.

61. Plaintiff was released back to work on November 28, 2016, on limited duty, but refused to go back to work in the hostile environment of the HR department, and resigned from her position on November 29, 2016.

62. On or around December 5, 2017, Defendant Heather Hetrick retaliated against Plaintiff by failing to respond to reference inquiries, costing Plaintiff more than one employment opportunity.

63. The following allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, Defendant Heather Hetrick and Defendant Michael Gormont, at the Bethlehem Walmart, were demoted then removed from that facility after Plaintiff resigned.

64. As a result of the aforesaid actions of Defendant's which Plaintiff believes and avers was the result of racial discrimination, Plaintiff suffered emotional distress, a loss of income and financial harm. Plaintiff has remained in distress since discrimination against her race, African American.

## COUNT I
## 42.S.C. § 2000e *et seq.* – TITLE VII OF THE 1964 CIVIL RIGHTS ACT

63.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

64.     Defendants retaliated against Plaintiff for reporting the aforesaid discrimination and harassment in the workplace, by taking the adverse employment actions of

transferring her to a less favorable assignment and not hiring her to a supervisory position for which she was well qualified.

65.     Plaintiff suffered harm due to Defendants' conduct.

## COUNT II
### 43P.S. § 951, *et seq.* – PENNSYLVANIA HUMAN RELATIONS ACT

66.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

67.     Defendants' discriminatory actions aforesaid also violate the PHRA.

68.     Plaintiff suffered harm due to Defendants' conduct.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in her favor and against Defendants, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:


Respectfully Submitted,


WEISBERG LAW                                    SCHAFKOPF LAW, LLC


BY: */s/ Matthew Weisberg*                       BY: _____
MATTHEW B. WEISBERG, ESQ                        GARY SCHAFKOPF, ESQ.

DATED: 11-7-17                                   DATED: 11-7-17

# EXHIBIT A

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Lauretta R. King
1600 Lehigh Pkwy East
Apt 8e
Allentown, PA 18103

From: Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2017-00268 | Legal Unit,
Legal Technician | (215) 440-2828 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Spencer H. Lewis, Jr.,
District Director

8/10/17
(Date Mailed)

Enclosures(s)

cc: Jamie Rotteveel
Shareholder
WALMART STORES, INC.
C/O Littler Mendelson, P. C.
2301 McGee Street, Suite 800
Kansas City, MO 64108

# EXHIBIT B

April 23, 2016

Ms. Heather Hetrick, HROM
2785 Commerce Center Blvd
Bethlehem, PA 18018

Dear Ms. H. Hetrick,
    Please understand that by me having to compose a letter of complaint is very difficult, and this is something that I am not proud of. However, I do find it necessary, as this matter warrants your immediate attention.  Also, I would like to make this complaint official.

    Although, I have only been with Wal-Mart 3 years,--I am realistically new to Logistics.  However, I am extremely appreciative of everyone's welcoming and most definitely grateful of your understanding in terms of my adjustment.

    However, the "on-going" problem that I am forced to deal with, on a re-occurring basis, is the fact that I am not afforded the proper respected as a manager from my peer Ms. Stephanie Wendt.  Since my date of hire (03/01/2016) Ms. Stephanie has taken delight, in amusing others by making fun of my appearance,--behind my back. These incidents occur in meetings, job fair, office, and they involve people of her choice.  In fact, the incidents occur so frequent that,--*I've stopped taking notes.*

    If you can recall during our "one-on-one" meeting I was very upset and I expressed the fact of me having to deal with a certain unprofessional manager.  I was then, and am now referring about Ms. Stephanie Wendt.

    The level at which Ms. Stephanie unprofessionally performs, with regards to me, illustrates to me just how comfortable she is disregarding the **"*respect for the individual*"** policy.  I am affected by her behavior and she has made it difficult for me to work with.  I have completely at a lost and I certainly do not trust her to properly train me.  I am uncomfortable in her presence and highly offended by her continual behavior.

    The fact that Ms. Stephanie goes above and beyond to entertain others with regards to my physical appearance further demonstrates just how I am certainly not in her best interest to train.  I view my situation as being at a disadvantage but moreover as being set up for failure.

*Ex. B*

(2)

I just can no longer remain idle and allow one's behavior to hinder me period!  As such, and at this time I would like to officially, go on record, by requesting to be trained by someone other than Ms. Stephanie Wendt.

Unfortunately, I find that as time progress her behavior/actions are becoming more physical and I view this as a direct threat,--and here is why i.e. during a meeting she physically stood behind me as I was sitting, and she was entertaining those who were facing her.  This particular incident almost took me out of my element where I had to literally catch myself,--and I should not have to work under these conditions.  I understand Ms. Stephanie is more of an asset to the department,--and for this reason alone I am willing to work elsewhere within the facility!

This past Friday's incident, where I should have attended the hearing, further validates just how none supportive Stephanie is in terms of my success within the department.  At every chance she'll go above and beyond to poke fun at me, behind my back, but when/where she needs and/or should connect with me for job related issues/events she remain inactive.  I have repeatedly tried to maintain a decent working relationship with Ms. Stephanie but all attempts has fail due to her behavior.  She could possibly have an issue with my nationality,--I'm not sure. However, what I do know is that I've have had enough!

In conclusion, Ms Stephanie Wendt's overall poor behavior has set the present bad tone.  She is difficult to work with and her continuous unprofessional behavior has cause me a considerable amount of distress and embarrassment, and these affects has resulted in lost work time on my part.

Your attention to this matter would be greatly appreciated!

Sincerely,

Lauretta King........
HR Office Manager


cc:  M. Gormont/AGM
     D. Tarnosky/GM